# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| KONSTANTINOS ZOGRAFIDIS,<br>*Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Respondent*. | No. 3:18cv01566 (JAM) |

## ORDER DENYING MOTION FOR POST-CONVICTION RELIEF

Petitioner Konstantinos Zografidis has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 seeking to vacate his federal narcotics trafficking conviction. Because Zografidis has not established plausible grounds for a grant of relief, I will deny the motion.

### BACKGROUND

On June 24, 2014, Zografidis appeared before the Court to enter a plea of guilty to a charge of unlawfully conspiring to distribute cocaine.[1] His plea agreement reserved his right to appeal the Court's ruling denying his motion to suppress wiretap evidence in the case.[2]

On January 27, 2016, the Court sentenced Zografidis principally to a term of 72 months of imprisonment and to be followed by a 3-year term of supervised release.[3]

Zografidis appealed. By ruling dated April 4, 2018, the Second Circuit affirmed.[4] The Second Circuit rejected Zografidis's challenge to his pre-trial motion to suppress the wiretap,

---

[1] *See* Doc. #944 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.).

[2] *Id.* at 1.

[3] *See* Doc. #1313 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.).

[4] *See United States v. Papadakos*, 729 F. App'x 41 (2d Cir. 2018).

concluding that this Court did not err when it rejected Zografidis's claim that the Government had failed to show a need to obtain a wiretap.[5]

The Second Circuit also rejected Zografidis's argument that the Court should have conducted a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether the Government intentionally or recklessly made false statements in support of the wiretap application.[6] It noted that "[t]he affidavit they [Zografidis and co-appellant Alfred Catino)] offered in support of their argument that Confidential Witness 1 was, in fact, two different individuals, was unclear and did not establish that Task Force Officer Cisero engaged in deliberate falsehood or reckless disregard for the truth."[7] It further noted that, even crediting Zografidis's claim of false statements, "the affidavit in support of the wiretap warrant application contained sufficient factual information to support a finding of probable cause."[8]

The Second Circuit additionally rejected Zografidis's claim that the Court erred when it denied his motion to withdraw his guilty plea. It rejected Zografidis's claims that he was not adequately advised of the deportation consequences of his guilty plea and that there was not an adequate factual basis for the plea.[9] The Second Circuit noted Zografidis's own words admitting his guilt at his plea hearing: "I participated in a involvement [sic], drug transactions, buy, sell, conspiracy, more or less. Knowingly, willfully, and voluntarily, okay. And I did all that, Your Honor. Possess drugs, yes, I did that. Distribute drugs, yes, I did that."[10]

---

[5] *See id.* at 43-44.

[6] *See id.* at 44-45.

[7] *Id.* at 44.

[8] *Id.* at 45.

[9] *See id.* at 46.

[10] *Id.* at 46.

Lastly, the Second Circuit rejected Zografidis's challenges to the denial of the motion to suppress evidence found during a search of his home. It concluded that Zografidis had waived and not preserved his right in his plea agreement to challenge the Court's denial of the motion to suppress.[11]

On September 14, 2018, Zografidis filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255.[12] The Court entered an order to show cause for the Government to file a response, and the Government filed its response on December 16, 2018.[13] The Court granted leave and an extension of time for Zografidis to file a reply to the Government's response.[14] Zografidis has otherwise filed dozens of additional submissions in support of his motion that I have also reviewed and considered for purposes of this ruling.[15]

## DISCUSSION

Zografidis seeks relief under 28 U.S.C. § 2255, a statute that allows a sentenced federal prisoner to seek post-conviction relief on the ground that he has been convicted or sentenced in violation of law. *See Dhinsa v. Krueger*, 917 F.3d 70, 80-81 (2d Cir. 2019). The burden rests on

---

[11] *See ibid.*

[12] Doc. #1. According to the federal Bureau of Prisons' website, Zografidis was released from imprisonment on July 31, 2017. *See* Federal Bureau of Prisons, Find an Inmate, *available at* https://www.bop.gov/inmateloc/ [https://perma.cc/MXN2-7QT7] (last accessed July 6, 2021). His term of federal supervised release expired three years later on July 31, 2020. At the time that Zografidis filed his motion for post-conviction relief, he was "in custody" within the meaning of 28 U.S.C. § 2255 because he was still subject to the conditions of supervised release. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). Although Zografidis is no longer on supervised release, his challenge to his conviction is not moot because he may still be subject to deportation and other collateral consequences as a result of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 9 (1998). On the other hand, to the extent that Zografidis challenges the length of his sentence (and whether his counsel was effective at sentencing), *see, e.g.,* Doc. #29 at 1-2, this aspect of his motion is moot because Zografidis is no longer subject to any sentence. *See United States v. Martin*, 974 F.3d 124, 141 (2d Cir. 2020).

[13] Docs. #6, #19.

[14] Docs. #23, #25. Over the course of the succeeding months, Zografidis filed numerous motions to supplement his petition, and the Court entered an order for him to submit all materials he wished to submit by January 30, 2020. Doc. #42. Zografidis has continued since then to file additional motions to supplement and for additional relief.

[15] *See, e.g.,* Docs. #8, #9, #10, #11, #12, #15, #18, #20, #22, #24, #26, #27, #28, #33, #34, #35, #36, #38, #40, #43, #45, #46, #47, #48, #49, #51, #52, #53, #54, #55.

3

the prisoner to show facts or law establishing that the conviction or sentence was unlawful. *See Lasher v. United States*, 970 F.3d 129, 131 (2d Cir. 2020); *United States v. Hoskins*, 905 F.3d 97, 103 n.6 (2d Cir. 2018). Absent a plausible showing that facts exist which would warrant a grant of relief, a court is not required to conduct an evidentiary hearing on a motion for post-conviction relief under 28 U.S.C. § 2255, especially to the extent that the motion is before the judge who presided over the underlying proceedings. *See Lopez v. United States*, 792 F. App'x 32, 38 (2d Cir. 2019).

### *Ineffective assistance of counsel*

A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687–88.[16]

As to the issue of whether counsel's performance fell below the constitutional minimum, a court must be "highly deferential" to the strategic choices of counsel and must "strongly presume" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. "This presumption is overcome only if counsel failed to act reasonably considering all of the circumstances." *United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020). A court "must avoid the distorting effects of hindsight and consider the lawyer's perspective at the time the decision was made." *Ibid.* "If the attorney made a strategic choice after thoughtful consideration, that decision will be virtually unchallengeable." *Ibid.*

---

[16] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

4

As to the issue of whether any deficient performance by counsel caused prejudice, a court must consider whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Garner v. Lee*, 908 F.3d 845, 862 (2d Cir. 2018).

A similar "two-part ... test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The prejudice prong in this context "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. In other words, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Kovacs v. United States*, 744 F.3d 44, 51-52 (2d Cir. 2014) (discussing various ways that prejudice may be shown in guilty plea context).

The Court agrees with those reasons stated at length by the Government why Zografidis has failed to allege a plausible claim for ineffective assistance of counsel. To the extent that Zografidis claims that his counsel allowed him to plead guilty while not competent to do so, this claim is betrayed by the transcript of the guilty plea hearing in which the Court took extensive measures to ensure that Zografidis was competent and that his plea was knowing and voluntary.[17]

Zografidis has similarly failed to make a plausible showing that his counsel was ineffective by reason of any misadvice concerning the potential deportation consequences of his plea. To the contrary, any possible misadvice was harmless in light of the advisory in the plea

---

[17] Doc. #19 at 14-15; *see also* Doc. #1131 at 11-12 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.) (guilty plea transcript).

agreement that "removal is presumptively mandatory" and Zografidis's agreement "that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States."[18] Moreover, the Court advised Zografidis during the guilty plea hearing that it was "very likely, since you're not a U.S. citizen, you could be subject to deportation or removal from the United States" and that "you should assume, for purposes of today, you're going to face that kind of proceeding."[19] Rather than claiming (as he does now) that his counsel misadvised him about the potential immigration consequences, Zografidis told the Court that "I'll have to take that up with the Immigration Department if it comes to that."[20]

Nor has Zografidis shown that his counsel was ineffective with respect to any aspect of the defense of his case. His counsel challenged the wiretap (including preserving the right of Zografidis to argue his challenge on appeal and then pressing the challenge on appeal). His counsel challenged the search of Zografidis's home (including by means of contesting the Government's evidence at a suppression hearing). And his counsel challenged the drug quantity attribution for purposes of sentencing (including by way of contesting the Government's evidence at a *Fatico* hearing). Although Zografidis strenuously disagrees with the outcome of the Court's rulings against him, he has not made a plausible showing that the representation by his

---

[18] Doc. #19 at 16; see also Doc. #944 at 6-7 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.) (guilty plea agreement).

[19] Doc. #19 at 16-17; Doc. #1131 at 22-23 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.) (guilty plea transcript).

[20] *Id.* at 23. Zografidis misplaces his reliance on *Dat v. United States*, 920 F.3d 1192 (8th Cir. 2019), a case in which the defendant was only equivocally warned by his plea agreement and during his guilty plea colloquy about the potential immigration consequences of a plea of guilty. *Id.* at 1195.

6

counsel fell below a constitutional minimum of competence, much less that any deficiency in the quality of representation resulted in prejudice.[21]

During the course of his suppression hearing, Zografidis testified under oath and admitted under cross-examination that he possessed 80 to 90 grams of cocaine in a safe inside his residence.[22] At his guilty plea hearing, Zografidis told the Court that "the evidence is overwhelming against me."[23] Then at his sentencing, Zografidis further stated: "Your Honor, I take responsibility for my actions. I did. Yes, I did distribute to my friends."[24] Zografidis's own incriminating admissions preclude any conclusion that the alleged missteps by his counsel resulted in prejudice.

### *Additional challenges*

Apart from his claim of ineffective assistance of counsel, Zografidis challenges the validity of the wiretap orders as well as the Government's collection and presentation of evidence against him. He objects in minute detail to specific items of evidence and the basis for the Government's claims of his wrongdoing. For example, Zografidis engages in a paragraph-by-paragraph review and refutation of the allegations set forth by a law enforcement agent in one of the wiretap affidavits.[25] He similarly conducts a line-by-line review and commentary about the basis for many of the particular statements in several DEA investigative reports.[26] Thus, he

---

[21] To the extent that Zografidis claims his counsel failed to file an appeal as he requested, *see* Doc. #32, this claim is refuted by the fact that counsel negotiated a conditional plea agreement that allowed him to appeal and in fact did appeal.

[22] Doc. #998 at 113-15 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.) (suppression hearing transcript); *see also* Doc. #1390 at 29 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.) (describing Zografidis's incriminating admissions).

[23] Doc. #19 at 15; Doc. #1131 at 11 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.) (guilty plea transcript).

[24] Doc. #1390 at 37-38 to *United States v. Zografidis*, 3:12-cr-00117 (D. Conn.) (sentencing transcript).

[25] *See* Doc. #1 at 20-29.

[26] *See id.* at 10-20.

speculates how either the presence or absence of the sound of windshield wipers in the background during the course of certain tape-recorded conversations casts doubt on the authenticity of the recordings and on the Government's claims about when incriminating conversations took place.[27] Likewise, he speculates on the basis of the sound quality of certain recordings that these recordings must have been obtained by illegally wiretapping his cellphone rather than by means of a consensually recorded conversations involving a cooperating informant.[28] Similar examples abound throughout his filings.

In essence, Zografidis seeks a wholesale review and re-weighing of most of the evidence against him despite his guilty plea and multiple incriminating admissions. I agree with the Government why none of these challenges do not furnish the basis for post-conviction relief.[29] They are barred because Zografidis has not shown cause for his failure to raise them on direct appeal. *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). Moreover, "[i]t is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003). The mandate rule similarly forecloses Zografidis from re-litigating issues that were resolved against him on direct appeal, such as the validity of the wiretap and the Court's denial of his motion to withdraw his guilty plea. *See Yick Man Mui v. United States*, 614 F.3d 50, 53-54 (2d Cir. 2010).

---

[27] *See* Doc. #10 at 1-2

[28] Doc. #10 at 3-5; *see also, e.g.,* Docs. #33, #34, #35, #36, #51 (alleging discrepancies and inaccurate statements in law enforcement reports and affidavits).

[29] Doc. #19 at 8-13.

Accordingly, Zografidis has not stated plausible grounds to conclude that his conviction for conspiring to distribute cocaine was secured in violation of his constitutional rights. Because Zografidis has not made a plausible showing for relief, an evidentiary hearing is not warranted.

## CONCLUSION

For the reasons stated above, the Court DENIES the motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Because Zografidis has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter.

The Clerk of Court shall enter judgment in favor of the United States and close this case. It is so ordered.

Dated at New Haven this 6th day of July 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge